IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION, AT CLEVELAND

| | |
|---|---|
| **RARE BREED TRIGGERS, LLC, et al.** | CASE NO. 1:22-CV-280 |
| Plaintiffs | **SEPARATE ANSWER OF WORK HOLDING TOOLS, LLC TO AMENDED COMPLAINT** |
| -vs- | |
| **MLADEN THOMAS "TOM" STRBAC, et al.** | (Jury Demand Endorsed Hereon) |
| **Defendants** | |

Now comes defendant Work Holding Tools, LLC (hereinafter "Work Holding Tools"), by and through counsel, and hereby submits its Separate Answer as follows:

1) Defendant denies each and every allegation contained in paragraphs 1 and 2 of the Amended Complaint, inclusive, for want of information.

2) Defendant admits that defendant Strbac resides in Cleveland Heights, Ohio and has done business under the name Tommy Trigger. Defendant also admits that defendant Strbac has worked at a location at 25890 Lakeland Boulevard, Euclid, Ohio. Defendant denies each and every remaining allegation contained in paragraph 3 of the Amended Complaint.

3) Defendant denies each and every allegation contained in paragraph 4 of the Amended Complaint for want of information.

4) Defendant admits the allegations contained in paragraph 5 of the Amended Complaint.

5) Defendant denies the allegations contained in paragraph 6, 7, and 8 of the Amended Complaint, inclusive.

6) Defendant denies each and every allegation contained in paragraph 9 of the Amended Complaint.

7) Defendant admits that it has a place of business in this judicial district. Plaintiff's Amended Complaint contains a blank where plaintiffs apparently meant to identify this answering defendant's address, and defendant therefore denies each and every remaining allegation of paragraph 10 and 11 of the Amended Complaint, inclusive, for want of information and otherwise.

8) Defendant denies each and every allegation contained in paragraph 12 of the Amended Complaint for want of information.

9) Defendant denies each and every allegation contained in paragraph 13 of the Amended Complaint for want of information and otherwise.

10) Defendant denies each and every allegation contained in paragraphs 14 and 15 of the Amended Complaint.

11) Defendant denies each and every allegation contained in paragraphs 16 through 19 of the Amended Complaint, inclusive, for want of information and otherwise.

12) Defendant denies each and every allegation contained in paragraph 20 of the Amended Complaint.

13) Defendant admits that counsel for plaintiff sent a cease and desist letter to Tom Strbac and Tommy Triggers dated January 17, 2022. Defendant denies such a letter was sent to it and the remaining allegations contained in paragraph 21 of the Amended Complaint.

14) Defendant denies each and every allegation contained in paragraphs 22 and 23 of the Amended Complaint, inclusive.

15) Defendant denies each and every allegation contained in paragraphs 24 and 25 of the Amended Complaint, inclusive, for want of information and otherwise.

16) Defendant admits that the AR-15 rifle is considered a semiautomatic firearm. Defendant denies each and every remaining allegation contained in paragraphs 26 through 40 of the Amended Complaint, inclusive, for want of information and otherwise.

17) Defendant generally admits that a patent defines the protected scope of an invention. Defendant denies each and every remaining allegation contained in paragraph 41 of the Amended Complaint.

18) Defendant denies each and every allegation contained in paragraphs 42 and 43 of the Amended Complaint, for want of information and otherwise.

19) Defendant denies each and every allegation contained in paragraph 44 of the Amended Complaint for want of information and otherwise.

20) Defendant denies each and every allegation contained in paragraphs 45 through 47 of the Amended Complaint, inclusive.

21) Defendant admits that a trigger assembly named "FRT-15-3MD" has been sold. Defendant denies each and every remaining allegation contained in paragraph 48 of the Amended Complaint.

22) Defendant denies each and every allegation contained in paragraphs 49 and 50 of the Amended Complaint, inclusive, for want of information and otherwise.

23) Defendant admits that a product known as "the ultimate upgrade" was previously sold which created a three mode operation. Defendant denies each and every remaining allegation contained in paragraph 51 of the Amended Complaint for want of information and otherwise.

24) Defendant denies each and every allegation contained in paragraphs 52 through 58 of the Amended Complaint, inclusive.

25) Defendant denies each and every allegation contained in paragraphs 59 and 60 of the Amended Complaint, inclusive.

26) Paragraph 61 of the Amended Complaint contains no allegations to which a response from defendant is required.

27) Defendant denies each and every allegation contained in paragraphs 62 through 72 of the Amended Complaint, inclusive.

28) Paragraph 73 of the Amended Complaint contains no allegations to which a response from defendant is required.

29) Defendant denies the allegations contained in paragraph 74 of the Amended Complaint.

30) Defendant denies each and every allegation contained in paragraphs 75 through 78, inclusive, for want of information and otherwise.

31) Defendant denies each and every allegation contained in paragraphs 79 and 80, inclusive.

32) Defendant admits that the photograph reproduced within paragraph 81 of the Amended Complaint proports to show packaging of a product sold under the name Tommy Triggers. Defendant denies each and every remaining allegation contained in paragraph 81 of the Amended Complaint.

33) Defendant denies each and every allegation contained in paragraphs 82 through 85 of the Amended Complaint, inclusive.

34) Paragraph 86 of the Amended Complaint contains no allegations to which a response from defendant is required.

35) Defendant denies each and every allegation contained in paragraphs 87 through 89 of the Amended Complaint, inclusive, for want of information and otherwise.

36) Defendant denies each and every allegation contained in paragraphs 90 through 94 of the Amended Complaint, inclusive.

## **AFFIRMATIVE DEFENSES**

1) Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted.

2) The claims of the patent in suit, and U.S. patent No. 10, 514, 223 itself, are invalid for failure to comply with one or more of the requirements of 35 U.S.C §§101, 102, 103, and/or 112.

3) The product sold by defendant contains material elements not found in plaintiff's patent, and the accused product sold by defendant does not infringe plaintiffs' patent.

4) The product sold by defendant is itself protected by a provisional patent obtained by defendant Mladen Strbac (App #63297884).

5) The federal government has now banned and/or restricted plaintiff's sale of its product, rendering plaintiff's demand for damages, and/or injunctions related to any subsequent activity by plaintiff, moot.

6) Having obtained and/or having been assigned the claimed patents and trademarks through improper means and the filing of misleading, inaccurate, incorrect and fraudulent documentation in order to obtain said patents and trademarks, plaintiffs lack standing and/or otherwise are barred from raising the allegations contained in the Amended Complaint, in law and equity.

7) Defendant invokes the defenses, protections and limitations of the Ohio Deceptive Trade Practices Act, and all other statutes or common law invoked by plaintiffs.

8) Plaintiffs are not entitled to punitive, treble and/or liquidated damages as defendant did not act or fail to act in a manner sufficient to give rise to punitive, treble and/or liquidated damages liability. Furthermore, plaintiffs' potential recovery of costs is limited under 35 U.S.C §288.

9) Defendant did not knowingly, intentionally, purposefully and/or act out of ill will or spite, and/or with reckless disregard for the rights of plaintiffs.

10) Defendant has not acted in any manner which would entitle plaintiffs to payment of their attorney fees.

11) Defendant has engaged in good faith in all activities accused of infringement in the Amended Complaint, thereby precluding plaintiffs, even if they prevail, from recovering attorney fees and/or costs under 35 U.S.C §285.

12) Plaintiffs are not entitled to injunctive relief because any alleged injury to plaintiffs, which defendant denies, is not immediate or irreparable, and plaintiffs have an adequate remedy at law.

13) Plaintiffs have suffered no loss, damage, injury, or harm as a result of any conduct, inactions, or actions as alleged regarding trademark infringement because plaintiffs have set forth no evidence of any loss profits, decreased sales of its products with the trademark, or any other economic evidence of damages it has sustained since defendant allegedly included a similar image in its packaging.

14) Plaintiffs have failed to join necessary and/or indispensable parties to this action, and failed to state a reason for such non-joinder.

15) Defendant hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and thus reserves the right to amend its Answer to assert such defenses.

## COUNTERCLAIM

Defendant/Counterclaimant, Work Holding Tools, brings the following counterclaim against Plaintiffs/Counterdefendants Rare Breed Triggers, LLC and ABC IP, LLC:

1) This is a Counterclaim for Declaratory Judgment pursuant to 28 U.S.C § 2201 et seq.

## THE PARTIES

2) On information and belief, Counterdefendant Rare Breed Triggers, LLC is a North Dakota limited liability company with its principal place of business at 3523 45th Street, Suite 100, South Fargo, North Dakota 58104.

3) On information and belief, Counterdefendant ABC IP, LLC is a Delaware limited liability company having a place of business at 8 The Green, Suite A, Dover, Delaware 19901.

## JURISDICTION AND VENUE

4) This Court has subject matter jurisdiction of this counterclaim pursuant to 28 U.S.C §§1331 and 1338(a).

5) This Court has personal jurisdiction over Counterdefendants on account of their voluntary submission to the jurisdiction of this Court by filing their Amended Complaint.

6) Plaintiffs have sued defendant for patent infringement of U.S. Patient No. 10,514,223 and trademark infringement of the FRT-15™ trademark. Counterclaimant denies infringement and denies the validity of the FRT-15™ Registration. There is, therefore, a substantial, actual, and continuing controversy between Counterclaimant and Counterdefendants as to the validity and enforceability of the Patent and

Trademark Registration.

7) Counterclaimant has not infringed and does not infringe any valid and/or enforceable claim of the Patent, either directly or indirectly, literally, under the doctrine of equivalents or otherwise.

8) To resolve the legal and factual questions raised by Counterdefendants for uncertainty and controversy that Counterdefendants' allegations have created, Counterclaimant is entitled to a declaratory judgement that it does not infringe the Patent.

9) Counterclaimant has not infringed and does not infringe in any way on Counterdefendants' purported trademarks set forth in the Trademark Registration or any rights of Counterdefendants.

10) To resolve the legal and factual questions raised by Counterdefendants and to afford relief from uncertainty and controversy that Counterdefendants' allegations have created, Counterclaimant is entitled to a declaratory judgement that it does not infringe Counterdefendants' purported trademark set forth in the Trademark Registration.

## PRAYER FOR RELIEF

**WHEREFORE,** Defendant/Counterclaimant Work Holding Tools respectfully requests that this Court:

A. Enter judgment against plaintiffs and dismiss the claims filed by plaintiffs against defendant Work Holding Tools, with prejudice, at plaintiffs' costs;

B. Determine and declare that the claims of the Patent is not infringed by defendant Work Holding Tools;

C. Determine and declare that the Patent is invalid and/or patent ineligible;

D. Determine and declare that the purported trademark set forth in the

Registration is not infringed by Defendant/Counterclaimant Work Holding Tools;

  E. Award Work Holding Tools its costs, disbursements, and reasonable attorneys' fees incurred in this action; and

  F. Grant such other and further relief as this Court may deem just and proper.

## JURY DEMAND

A trial by jury is hereby requested.

Respectfully submitted,

/s/ Harvey Kugelman
HARVEY KUGELMAN, Esq. (0022625)
Harvey Kugelman Co., L.P.A.
2200 Terminal Tower
50 Public Square
Cleveland, OH 44113
(216) 241-6770
harveykugelman@gmail.com
Attorney for Defendant
Work Holding Tools, LLC

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 2, 2022, a true and accurate copy of the above was electronically filed with the Clerk of Court using the CM/ECF system, to be served electronically upon all counsel of record in this matter.

/s/ Harvey Kugelman
HARVEY KUGELMAN, Esq.